UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| In re: | ) | Case No. | 12-12649 |
| | ) | | |
| David Soper and | ) | Chapter 13 | |
| Sandra F. Soper, | ) | | |
| | ) | Judge: | Bruce W. Black (Joliet) |
| Debtors. | ) | Hearing: | April 17, 2015; 10:00 a.m. |

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 3002.1(h)**

**NOW COME** the Debtors, David Soper and Sandra F. Soper (hereafter "Debtors"), by and through their attorneys of record, Jahnke, Sullivan & Toolis, LLC, and respectfully move this Court pursuant to Rules 9013 and 3002.1 of the Federal Rules of Bankruptcy Procedure, and in support thereof states the following:

**JURISDICTION**

1. This Court is the proper court to enter a final and dispositive order in this matter because this matter arises under Title 11 of the United States Code and other applicable federal law. 28 U.S.C. § 157(a).

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 157(b)(1).

3. Chapter 13 Trustee Glenn Stearns filed the Notice of Final Cure Payment on February 23, 2015.

4. Ocwen Loan Servicing, LLC (hereafter "Ocwen") filed its Response to Trustee's Notice of Final Cure Payment (hereafter "Response") on March 16, 2015.

5. Ocwen provides no evidence to support its Response.

6. Pursuant to Ocwen's Response, Debtors "failed to make direct post petition payments when due. The loan is contractually due for July 1, 2014, with escrow

pending in the amount of $6,892.33." *See* Ocwen's Response filed as Document No. 90 on the docket.

7. Debtors filed a Motion for Sanctions (hereafter "Motion") against Ocwen on March 8, 2013. *See* Motion for Sanctions filed as Document No. 58 on the docket.

8. Debtors' Motion was related to the escrow account associated with Debtors' mortgage loan.

9. Debtors' Motion was resolved by a Confidential Settlement Release Agreement (hereafter "Settlement").

10. As part of that Settlement, Ocwen provided Debtors' counsel with a reconciliation of Debtors' escrow account through February 13, 2014.

11. Pursuant to that reconciliation, Debtors had a post-petition escrow deficiency of $8,944.25.

12. On or around July 3, 2014, Debtors sent $10,000.00 that should have cured the escrow deficiency. *See* [redacted] Receipt attached hereto as Exhibit 'A' and incorporated by reference herein.

13. Debtors did not receive a new escrow analysis after sending the $10,000.00.

14. On or around August 14, 2014, Debtors a received letter from Ocwen that stated Debtors' escrow payment was $926.42, which is the escrow payment anticipated by Debtors based on the amount of their property taxes and hazard insurance premium. *See* August Letter attached hereto as Exhibit 'B' and incorporated by reference herein.

15. On or around October 15, 2014, though, Debtors received a letter from Ocwen that stated the escrow payment was $1,780.65. *See* [redacted] October 2014 Letter attached hereto as Exhibit 'C' and incorporated by reference herein.

16. The October Letter was not accompanied by an escrow analysis.

17. Debtors' counsel contacted Ocwen's counsel who advised that Ocwen had discovered the error after sending the October Letter, that the escrow payment should be $901.05, and that Debtors would receive a letter with the $901.05 escrow payment shortly. *See* [redacted] Correspondence attached hereto as Exhibit 'D' and incorporated by reference herein.

18. Instead, Debtors received letters from Ocwen with the $1,780.65 escrow payment on or around November 14, 2014, December 16, 2014, and March 2, 2015.

19. Debtors continued to make, and Ocwen continued to accept, monthly payments with the $926.42 escrow payment. *See* Payments attached hereto as Group Exhibit 'E' and incorporated by reference herein.

20. Debtors deny the allegations in Ocwen's Response.

21. Debtors maintain that they have paid all postpetition amounts due to Ocwen.

22. Debtors also maintain that Ocwen continues to blatantly, or negligently, attempt to collect the pre-petition escrow deficiency referred to in Debtors' Motion for Sanctions, which violates Debtors' confirmed chapter 13 plan and the bankruptcy stay.

23. Debtors demand a new reconciliation of their loan history since servicing transferred to Ocwen through April 17, 2015, a current escrow analysis, and withdraw of Ocwen's Response.

Dated this 2nd day of April 2015.

Respectfully submitted,

　　/s/ *Anna Stanley Kahriman*
Anna Stanley Kahriman
Jahnke, Sullivan & Toolis, LLC
Attorney for Debtors
10075 W. Lincoln Hwy.
Frankfort, IL 60423
Voice: (708) 349-9333 / FAX: (708) 349-8333
Email: ask@jtlawllc.com